# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN GARNER and SAMMY KING, JR.** | **CIVIL ACTION NO. 3:22-cv-483** |
| **VERSUS** | **JUDGE** _____ |
| | **MAGISTRATE JUDGE** _____ |
| **PUBLIC LAW BOARD NO. 7633, AND UNION PACIFIC RAILROAD COMPANY, INC.** | |

## COMPLAINT

NOW INTO COURT, through the undersigned counsel, come Plaintiffs, Steven Garner, and Sammy King, Jr. who respectfully submit this Complaint against the Public Law Board No. 7633 ("PLB") and Union Pacific Railroad Company, Inc. ("Union Pacific"), for violations of the Collective Bargaining Agreement between Union Pacific and the Brotherhood of Maintenance of Way Employees Division of International Brotherhood of Teamsters Union (the Union").

### The Parties

1. Plaintiff, Steven Garner, ("Mr. Garner") is a natural person of the full age of majority and a citizen and resident of the Parish of Caddo, State of Louisiana.

2. Plaintiff, Sammy King, Jr. ("Mr. King") is a natural person of the full age of majority and a citizen and resident of the Parish of Jefferson, State of Louisiana.

3. Defendant, Union Pacific Railroad Company, Inc. is a Delaware corporation, doing business in Louisiana, with its principal place of business in Omaha, Nebraska.

4. Defendant, PLB is an arbitration board created pursuant to 45 U.S.C. § 153 for the

1

arbitration of railroad employee disputes which are otherwise referrable to the National Railroad Adjustment Board.

## Jurisdiction

5. This Court has jurisdiction to adjudicate Plaintiffs' claims under 28 U.S.C. § 1331 as the instant claim arises under 45 U.S.C. § 153.

6. At all times relevant hereto, Mr. King was working in Donaldsonville, Ama, Maringouin, and Avondale, Louisiana.

7. At all times relevant hereto, Mr. Garner was working in Ama and Livonia, Louisiana and then in Beaumont, Texas.

## Venue

8. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this judicial district.

## Statement of Facts

9. Both Plaintiffs were previously employed by Union Pacific.

10. Prior to his dismissal, Mr. Garner held the position of truck driver and served as an Assistant Foreman.

11. Prior to his dismissal, Mr. King held the position of MW Inspector 2.

12. Mr. Garner worked for Union Pacific for over twelve (12) years. He consistently served his employer to the best of his ability, until Union Pacific terminated his employment on December 28, 2018.

13. Mr. King worked for Union Pacific for about twenty-three (23) years. He consistently served his employer to the best of his ability, until Union Pacific terminated his employment on December 28, 2018.

14. At all times relevant hereto, both plaintiffs were members of the collective bargaining unit created by the Collective Bargaining Agreement between Union Pacific and the Union.

15. On about November 15, 2018, Mr. Garner was removed from active duty with Union Pacific for allegedly entering false work locations in Union Pacific's payroll reporting system for Mr. King to qualify Mr. King for per diem compensation in violation of MAPS Rule 1.6 – Dishonesty and Rule 1.13 - Reporting and Complying with Instructions.

16. That same day, Mr. King was also removed from active duty with Union Pacific for allegedly receiving per diem compensation by falsifying work locations for the period of May 23, 2018 to August 2, 2018 in violation of MAPS Rule 1.6 – Dishonesty and Rule 1.13 - Reporting and Complying with Instructions.

17. On about December 28, 2018, Union Pacific terminated Mr. King's employment for "dishonesty" because of the way his time was entered, contending that Mr. King's time entries violated MAPS Rule 1.6 – Dishonesty and Rule 1.13 - Reporting and Complying with Instructions.

18. That same day, Union Pacific also terminated Mr. Garner's employment for "dishonesty" because of the way he entered Mr. King's time, contending that the manner in which Plaintiff entered Mr. King's time violated MAPS Rules 1.6 and 1.13 and constituted dishonesty.

19. On about January 10, 2019, the Union, acting on behalf of Mr. Garner and Mr. King appealed Mr. Garner 's dismissal from employment with Union Pacific to the PLB.

20. PLB issued two (2) decisions on March 9, 2021 as to Plaintiffs, which rulings are identical. PLB wrote in part:

> The Board has searched the record and finds substantial evidence of negligence on the part of the Claimant, but not substantial evidence of

dishonesty. In light of the facts and circumstances of the record, the Board concludes that the ***dismissal should be modified to a long-term suspension. Claimant is reinstated to service*** with full seniority unimpaired, but without back pay, at MAPS Training 1 status with a 24 month retention period.[1]

21. Section 22(f) of the Collective Bargaining Agreement between the Union and Union Pacific sets for the specific remedy for an employee who is reinstated or called back to service after a dismissal:

> (f) …if the charges against the employee are not sustained, the record of the employee will be cleared and if suspended or dismissed, the employee will be returned to his former position and reimbursed for any net loss of compensation incurred in connection therewith.

22. Section 22 (g) of the Collective Bargaining Agreement provides:

> (g) . . . *if the employee is called back to service prior to completion of the suspension period, any portion of the suspension that is not served will be cancelled*. Employees suspended from service will return to the position last held unless acquired by a senior employee as a result of the exercise of seniority, in which event the suspended employee will exercise seniority pursuant to the applicable provisions of this Agreement. (Emphasis supplied.)

### Count I – the PLB Breached the Collective Bargaining Agreement and Exceeded its Statutory Authority

23. Plaintiffs reallege and incorporate by reference paragraphs 1-22 above.

24. Plaintiffs contend that the PLB's rulings were contrary to Section 22(f) of the Collective Bargaining Agreement as it called them back to service but also suspended them for a 24-month period and did not compensate them for wage losses.

25. However, Plaintiffs were not actually permitted to return to work until around July 2021, approximately 30 months after the PLB's ruling.

26. PLB's decision also violated Section 22(g) of the Collective Bargaining Agreement between the Union and Union Pacific as the PLB called Plaintiffs back to service but also ruled

---

[1] Arbitrator ruling of Mr. Garner's dismissal claim, Public Law Board No. 7633 case no. 135 dated March 09, 2021.

4

that they would remain suspended for a 24-month period, when these suspensions should have been immediately cancelled.

27.    Therefore, the PLB breached the Collective Bargaining Agreement ("CBA") as its ruling exceeded the PLB's statutory and constitutional authority, ignored explicit terms of the Collective Bargaining Agreement, was not drawn from the essence of the Collective Bargaining Agreement and/or sought to interject the PLB's own brand of industrial justice despite the terms of CBA entitling Plaintiffs to judicial review of the PLB's decision under 45 U.S.C. § 153(q).

### Damages

28.    As a proximate result of PLB's violations of the CBA, Plaintiffs have suffered and continue to suffer losses of substantial income, fringe benefits, seniority, pension rights and other valuable job rights.

29.    The Plaintiffs further request an award of punitive damages against the Defendant in an amount to be fixed at trial due to its deliberate indifference to the Plaintiffs' rights under the Collective Bargaining Agreement and 45 U.S.C. § 153(q).

30.    The Plaintiffs request that they be reinstated to their positions with Union Pacific, with full seniority rights and other benefits retroactive to the date of their dismissal and for such compensatory damages as will make them whole.

### Prayer for Relief

WHEREFORE, the Plaintiffs, Steven Garner and Sammy King, Jr. pray for judgment in their favor and against the Defendants, Union Pacific and Public Labor Board No. 7633, and that this Court enter judgment in this matter:

   I.    determining and declaring that the March 9, 2021 decision of Public Law Board ("PLB") 7633 violated sections 22 (e) and (g) of the Collective Bargaining

        Agreement;

II.     remanding this case to Public Law Board No. 7633 with instructions to order Union Pacific to reinstate the plaintiffs and compensate them for their earnings losses and fringe benefits and order emoluments of their positions; and

III.    that the Plaintiffs be awarded all allowable costs.

        Respectfully Submitted:

**SMITH LAW FIRM**

*/s/* J. Arthur Smith, III
J. ARTHUR SMITH, III (#07730)
J. ARTHUR SMITH, IV (#37310)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
jasmith@jarthursmith.com
asmithiv@jarthursmith.com
*Counsel for Plaintiffs, Steve Garner and Sammy King, Jr.*