UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**STEVEN GARNER and**                                         **CIVIL ACTION**
**SAMMY KING, JR.**

**VERSUS**                                                                                  **NO. 22-483-JWD-EWD**

**PUBLIC LAW BOARD NO.**
**7633 and UNION PACIFIC**
**RAILROAD COMPANY**

## RULING AND ORDER

This matter comes before the Court on *Defendant's Motion for Summary Judgment* ("*Defendant's Motion*") filed by Union Pacific Railroad Company ("Union Pacific"). (Doc. 23.) Plaintiffs Steven Garner and Sammy King, Jr. ("Plaintiffs") oppose *Defendant's Motion*. (Doc. 30.) Union Pacific has filed a reply. (Doc. 34.)

This matter also comes before the Court on *Plaintiffs' Motion for Summary Judgment* ("*Plaintiffs' Motion*"). (Doc. 24.) Union Pacific opposes *Plaintiffs' Motion*. (Doc. 29.) Plaintiffs have filed a reply. (Doc. 35.)

Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, *Plaintiffs' Motion* is granted in part and denied in part, and the Court remands the case to the Public Law Board for consideration of the issues raised in *Plaintiffs' Motion*. Accordingly, *Defendant's Motion* is denied.

*Plaintiffs' Motion* asserts that the March 9, 2021 decisions of Public Law Board 7633 ("the PLB") regarding Plaintiffs, Sammy King, Jr. and Steven Garner, exceed the PLB's jurisdiction and violated Plaintiffs' due process. (Doc. 24-1 at 1.) Specifically, Plaintiffs argue

that the decisions exceeded the PLB's jurisdiction by violating Rule 22(f) and Rule 22(h) of the Collective Bargaining Agreement ("CBA") between Union Pacific and the labor union to which Plaintiffs belonged. (*Id.*) "Rule 22(f) provides that when the charges against an employee are not sustained, his record **will be** cleared and that the employee will be returned to his former position and '. . . reimbursed for any net loss of compensation.' " (*Id.* at 1–2.) Plaintiffs assert that the PLB violated this rule by ordering their reinstatement but declining to award back pay for the period they were out of work. (*Id.*)

Plaintiffs additionally assert that the PLB exceeded its jurisdiction by violating the wording of Rule 22(h). (*Id.* at 11.) However, Union Pacific contends that Rule 22(h) is inapplicable because Plaintiffs were terminated, not suspended. (Doc. 23-2 at 5.) Regarding Rule 22(f), Union Pacific argues that it applies to charges that are "not sustained" and therefore does not preclude the Board's finding because Plaintiffs' charges were sustained, just on the grounds of negligence. (*Id.* at 11–12.)

Lastly, Plaintiffs contest the finding of negligence because neither Plaintiff was "*charged* with *any* negligence" and evidence outside the administrative record cannot be considered by the Court. (Doc. 24-1 at 13.) To refute Plaintiffs argument, Defendant argues that Plaintiffs cannot raise this due process claim because it was not raised in their *Complaint*. (Doc. 34 at 5.)

The Court agrees with Defendant that Plaintiffs cannot raise issues outside of the *Complaint*. However, the Court agrees with Plaintiffs that evidence outside of the administrative record cannot be considered by the Court. For these reasons, the Court finds that the issue of whether Plaintiffs received adequate notice of the Board's intent to pursue charges of negligence is best left to the Board in the first instance rather than by this Court at the summary judgment stage reviewing a record which does not address the issue. The PLB is the proper entity to

address the issues raised in *Plaintiffs' Motion*. Thus, pursuant to 45 U.S.C. § 153 First (q), the Court will remand the case back to the PLB to determine the issues raised in *Plaintiffs' Motion*. ("The court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct."). Therefore, *Plaintiffs' Motion* is granted in part with respect to its request for remand and denied in part in all other respects, and *Defendant's Motion* is denied.

Accordingly,

**IT IS ORDERED** that *Plaintiff's Motion* (Doc. 24) is **GRANTED IN PART** and **DENIED IN PART**. *Plaintiffs' Motion* is granted with respect to their request for remand and denied in all other respects. **IT IS FURTHER ORDERED** that *Defendant's Motion* (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Public Law Board 7633 and shall be administratively closed. Should it be necessary to reopen this proceeding, a written motion shall be filed.

Signed in Baton Rouge, Louisiana, on March 25, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**